IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FULL CIRCLE VILLAGEBROOK GP, LLC, | |
| Plaintiff, | Case No. 20-cv-07713 |
| v. | Judge Mary M. Rowland |
| PROTECH 2004-D, LLC, AMTAX HOLDINGS 436, LLC, ALDEN TORCH FINANCIAL LLC, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Full Circle Villagebrook GP, LLC brings this breach of contract and tortious interference action against Defendants AMTAX Holdings 436, LLC, Protech 2004-D, LLC and Alden Torch Financial LLC. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons given below, the Motion to Dismiss [30] is denied.

### I. Background

The following factual allegations are taken from the Complaint (Dkt. 1) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

In 2004, Villagebrook Apartments Limited Partnership (the "Partnership") was formed for the purpose of acquiring, constructing, rehabilitating, developing, repairing, improving, maintaining, and operating a 189-unit affordable housing development known as Villagebrook Apartments (the "Property"). Compl. at ¶ 1. The

1

Property provides housing for low-income households pursuant to the Low-Income Housing Tax Credit ("LIHTC") program (26 U.S.C. § 42 *et seq.* ("Section 42")), a federal Housing Assistance Payment contract and a Regulatory Agreement with the Illinois Finance Authority. *Id.* at ¶ 2. The General Partner (Full Circle Villagebrook GP, LLC "FCV"), Full Circle Holding, LLC ("Full Circle LP" and, together with the General Partner, "Full Circle"), Protech (the Special Limited Partner, "SLP"), and AMTAX (the Investor Limited Partner, "ILP") executed a Second Amended and Restated Agreement of Limited Partnership, dated effective as of May 1, 2005 (the "LPA"), providing for the operation of the Partnership. *Id.* at ¶ 3. The Property was to be acquired, developed, and operated in such a manner as to qualify for Tax Credits. *Id.* at ¶ 63. Alden Torch manages the ILP's interests in the Partnership. *Id.* at ¶ 9. FCV claims that Alden Torch is known in the LIHTC industry as an "Aggregator" – it acquires interests in LIHTC affordable housing partnerships and upon the conclusion of the 15-year compliance period required by Section 42 (the "Compliance Period"), challenges the contractual transfer rights associated with those partnerships. *Id.* at ¶ 12.

Full Circle and the Limited Partners (the ILP and SLP) operated pursuant to an agreement memorialized under the LPA that the ILP would receive the vast majority of tax credits allocated to the Partnership under the LIHTC program, as well as other tax benefits, over the course of the Compliance Period, and that the General Partner (FCV), or its assigns, have the right to purchase the Limited Partners' interests in the Partnership (the "LP Interests") following the conclusion of the Compliance

Period (the "Option"). *Id.* at ¶ 15.[1] Section 7.4.J of the LPA defines the terms of the Option, providing in part:

> Subject to compliance with Section 42 of the Code, or any successor provision, if then applicable, at any time following the end of the Compliance Period, the General Partner shall have the right to purchase (or cause an Affiliate to purchase) the [LP] Interests and, in the General Partner's discretion, the interests of the other limited partners in the Partnership (the "Non-Paramount Interests") for cash, based on the amount they would receive if the property were sold at the fair market value (as of the date of the purchase and as determined below with a 4% brokerage fee and as otherwise determined herein), and the proceeds of such sale were applied in accordance with this Agreement.

*Id.* at ¶ 66. Section 7.4.J provides the process by which the property value and Option Price should be determined, and states that the appraiser determines the fair market value and such "value shall be final and binding on the parties []." *Id.* at ¶ 72. On November 4, 2020, FCV exercised its Option, giving notice in an Exercise Letter. *Id.* at ¶¶ 19, 82. In relation to this exercise, FCV procured and provided Defendants with an appraisal of the LP Interests performed by Newmark Knight Frank (NKF) (the Property was valued at $14,100,000; the Option Price being $494,594). *Id.* at ¶¶ 20, 88, 91. However the Limited Partners, under Alden Torch's control, rejected FCV's exercise of its Option. *Id.* at ¶¶ 22, 92. Alden Torch demanded payment instead of nearly $3 million. *Id.* at ¶ 93.

FCV states that it brought this action seeking to protect and enforce its rights and obtain, among other things, specific performance and damages because (i) FCV validly and effectively exercised its Option to purchase the LP Interests under the

---

[1] A purchase option for the LIHTC property or the limited partner interests in the LIHTC partnership is often one of the primary economic incentives for the managing general partner in a low-income housing project. *Id.* at ¶ 47.

3

express terms of the LPA, (ii) the Limited Partners are required to comply with the terms of the LPA, and (iii) the Limited Partners have refused to cooperate, because of Alden Torch's interference, with FCV's exercise and completion of its Option and associated rights. *Id.* at ¶ 25.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC,* 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.,* 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

### III. Analysis

FCV's complaint contains three counts: (I) breach of contract against the ILP and SLP; (II) declaratory judgment against the ILP and SLP; and (III) tortious interference with the LPA against Alden Torch. Defendants seek dismissal with prejudice of the Complaint. They argue that FCV failed to exercise the Option and materially breached the LPA.

### A. Breach of Contract

FCV alleges that the LPA is a valid and binding contract and FCV unconditionally exercised its Option, creating a binding contract for the sale of the LP Interests to FCV at the Option Price determined by the NKF Appraisal. FCV claims, however, that the Limited Partners, controlled by Alden Torch, failed to facilitate the sale of the LP Interests, thus breaching the LPA. Defendants respond that *FCV* breached by failing to comply with an important contractual provision in Section 7.4.J related to selecting an appraiser. According to Defendants, FCV did not tell AMTAX about the appraiser FCV wished to use and deprived AMTAX of its approval right. Defendants contend that this was a failure by FCV to satisfy a condition precedent to exercising the Option and a material breach by FCV, excusing Defendants from performing.

A plaintiff claiming breach of contract in Illinois[2] must allege: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *W.W. Vincent & Co. v. First Colony Life Ins. Co.,* 351 Ill. App. 3d 752, 759, 814 N.E.2d 960, 967 (1st Dist. 2004). Taking FCV's factual allegations as true, the reasonable inference is that FCV performed its end of the bargain and complied with Section 7.4.J of the LPA, and Defendants wrongfully rejected FCV's exercise of its option.

Defendants' arguments require the Court to disregard the complaint's factual allegations or to resolve of factual disputes, both inappropriate at this stage. First Defendants contend that FCV "admits" that it did not comply with Section 7.4.J because NKF indisputably is not on an "approved list" of appraisers. This is a mischaracterization of the complaint. FCV alleges that it *did* fully comply with Section 7.4.J and satisfied all conditions precedent to exercise its Option. FCV specifies that NKF was on the approved appraiser lists for LaSalle Bank and Deutsche Bank (the banks specifically named in Section 7.4.J) and NKF remains on the approved lists for the successor entities of those banks (since they are no longer "LaSalle Bank" and "Deutsche Bank"). Compl. at ¶¶ 86-87. The Court will not disregard the complaint's factual allegations on a motion to dismiss. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008) (courts "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor"); *Firestone Fin. Corp. v.*

---

[2] The parties do not dispute that Illinois law applies.

6

*Meyer,* 796 F.3d 822, 827 (7th Cir. 2015) (the "relevant question…is *not* whether a complaint's factual allegations are true, but rather whether the complaint contains sufficient factual matter, *accepted as true*, to state a claim to relief that is plausible on its face.") (cleaned up).[3]

Defendants urge the Court to reject FCV's factual allegations that it selected NKF as a pre-approved appraiser as set out in Section 7.4.J, and instead rule that FCV violated the contract by not complying the alternative provision that its selection of an appraiser required the ILP's approval. Accepting Defendants' version of the facts over the complaint's allegations is not appropriate at this pleading stage. It may be that FCV failed to obtain the ILP's approval but that is a factual dispute to be resolved later. *See Griffin v. U.S. Bank Nat'l Ass'n*, 2018 WL 1621024, at *2 (N.D. Ill. Apr. 4, 2018) (finding it too early at the motion to dismiss stage to determine if plaintiff materially breached thus precluding him from alleging a breach of contract claim); *Pardo v. Mecum Auction Inc.*, 77 F. Supp. 3d 703, 710 (N.D. Ill. 2014) (declining to resolve factual questions on motion to dismiss breach of contract claim).

Defendants cite *Glob. Fire Prot. Co. v. Fed. Ins. Co.*, 648 F. Supp. 591 (N.D. Ill. 1986) but that case is distinguishable. It was a lawsuit to recover on a claim made

---

[3] The parties dispute what FCV was required to do as a condition precedent to exercising its Option. Defendants are correct that under Illinois law strict compliance with express conditions precedent is required, but that does not address the initial determination of whether a condition precedent exists and its requirements. *See e.g. Mosholu, Inc. v. Galvin*, 2020 WL 1888923, at *3 (N.D. Ill. Apr. 16, 2020) (denying summary judgment based on an alleged condition precedent and noting "in resolving doubts about whether a contract contains a condition precedent, interpretations that reduce the risk of forfeiture are favored") (quoting *Navarro v. F.D.I.C.*, 371 F.3d 979, 981 (7th Cir. 2004)). This dispute cannot be resolved on Defendants' motion to dismiss.

against an insurance policy. The parties had not engaged in an appraisal process and the Court noted the parties were "willing to resolve this conflict through the appraisal process as set forth in their contract." *Id*. at 592. Given the parties' willingness to do so the Court granted without prejudice the dismissal motion, "assuming, without deciding, that the appraisal process is a condition precedent to bringing an action on this insurance contract," and declining to resolve the parties' dispute about the selection of appraiser. *Id*.[4]

## B. Declaratory Judgment

FCV alleges that the Limited Partners, as managed and controlled by Alden Torch, breached their contractual obligation to facilitate the sale of the LP Interests to the General Partner upon the General Partner's exercise of the Option. FCV seeks a declaration under 735 ILCS § 5/2-701 that, among other things, the Limited Partners must promptly transfer the LP Interests to FCV pursuant to the Option for the appraised value of the LP Interests under the NKF Appraisal. Defendants respond that FCV cannot seek a declaratory judgment because it cannot enforce the LPA when it did not perform under that agreement. For the reasons stated above the Court does not agree with this argument.

---

[4] Defendants also rely on cases decided on summary judgment or after trial which are not persuasive at this pleading stage. *E.g. Costello v. Grundon,* 651 F.3d 614 (7th Cir. 2011); *Midwest Builder Distrib., Inc. v. Lord & Essex, Inc.*, 383 Ill. App. 3d 645, 891 N.E.2d 1 (2007); *Assocs. Asset Mgmt., LLC v. Cruz*, 2019 IL App (1st) 182678, 144 N.E.3d 169. *Kilianek v. Kim*, 192 Ill. App. 3d 139, 548 N.E.2d 598 (1989), for example, was an appeal from a judgment affirming an arbitrator's award. Some of Defendants' other cases, while relevant on the substantive law, do not override the federal notice pleading standard. *See Maxtech Consumer Prod., Ltd. v. Chervon N. Am. Inc.*, 2019 WL 2743463, at *3 (N.D. Ill. July 1, 2019) (rejecting defendant's reliance on the higher fact-pleading standard under Illinois law).

8

Defendants also argue that the Court should in its discretion decline to provide declaratory relief because this claim is duplicative of FCV's breach of contract claim. "The purposes of declaratory judgments are to clarify and settle the legal relations at issue and to terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987) (cleaned up). "The decision to entertain a declaratory judgment action lies within the discretion of the district court, and is not precluded by the availability of another form of relief." *In re JPMorgan Chase Bank Home Equity Line of Credit Litig.*, 794 F. Supp. 2d 859, 877 (N.D. Ill. 2011) (citations omitted). Here the declaratory judgment count does not appear purely duplicative of the breach of contract claim. It requests declarations, among other things, that FCV validly exercised its Option and that the NKF Appraisal properly determined the Property's fair market value and is binding on the parties under the LPA. The Court does not comment on the merits of Defendants' argument at a later stage in this case but will not strike FCV's request for declaratory relief at this time.

### C. Tortious Interference

The elements of a tortious interference with contract claim are: "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages.'" *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 154–55, 545 N.E.2d 672,

9

676 (1989). FCV alleges that the LPA is a valid and binding contract between the General Partner, Full Circle LP, and the Limited Partners. FCV further asserts that Alden Torch intentionally and unjustifiably caused the Limited Partners to breach their contractual obligations under the LPA by, among other things, refusing to accept the binding Option Price determined by the NKF Appraisal, thus preventing the Limited Partners from facilitating FCV's exercise of the Option, subsequently causing breach of the LPA and damage to FCV.

Defendants' only argument is that because FCV fails to state a claim for breach of contract, FCV also fails to state a claim against Alden Torch for tortious interference with the LPA. The Court has found that FCV stated a claim for breach of contract. FCV's tortious interference claim therefore survives as well.

## IV. Conclusion

For the stated reasons, Defendants' Motion to Dismiss [30] is denied.

E N T E R:

Dated: September 7, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge