## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FULL CIRCLE VILLAGEBROOK GP, LLC, | |
| Plaintiff, | Case No. 20-cv-07713 |
| v. | Judge Mary M. Rowland |
| PROTECH 2004-D, LLC, AMTAX HOLDINGS 436, LLC, ALDEN TORCH FINANCIAL LLC, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Full Circle Villagebrook GP, LLC brought this breach of contract and tortious interference action against Defendants AMTAX Holdings 436, LLC, Protech 2004-D, LLC and Alden Torch Financial LLC. Before the Court are: Defendants' motion for summary judgment, Plaintiff's partial motion for summary judgment, Plaintiff's motion to exclude and Plaintiff's motion to compel. For the reasons stated below, Defendants' motion for summary judgment [169] is granted, Plaintiff's partial motion for summary judgment [133] is denied, Plaintiff's motion to exclude [204] is denied as moot and Plaintiff's motion to compel [231] is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a

1

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id.* After a "properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 250 (quoting Fed. R. Civ. P. 56(e)).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

When cross-motions for summary judgment are filed, "[t]he ordinary standards for summary judgment remain unchanged [and] we construe all facts and inferences arising from them in favor of the party against whom the motion under consideration is made." *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017). "Cross-motions must be evaluated together, and the court may not grant summary judgment for either side

unless the admissible evidence as a whole—from both motions—establishes that no material facts are in dispute." *Bloodworth v. Vill. of Greendale*, 475 Fed. Appx. 92, 95 (7th Cir. 2012).

**BACKGROUND**[1]

### I.     The Parties

Full Circle is wholly owned by Full Circle Communities, Inc. ("FCC"), a 501(c)(3) non-profit entity whose mission is to create and preserve affordable housing. PSOF ¶ 9. The Partnership has four partners: (i) Full Circle is the General Partner; (ii) Full Circle's affiliate, Full Circle Holding, LLC ("FCH"), is the Other Limited Partner; (iii) Defendant, AMTAX HOLDINGS, 436 ("AMTAX"), is the Investor Limited Partner (ILP); and (iv) Defendant, PROTECH 2004-D, LLC ("PROTECH"), is the Special Limited Partner (SLP). *Id.* ¶ 12. Alden Torch, through its subsidiaries, controls the Limited Partners. *Id.* ¶ 13.[2]

### II.     The Partnership and Property

The Partnership owns and operates Villagebrook Apartments (the "Property"), a 189-unit affordable housing apartment complex in Carol Stream, Illinois, that was

---

[1] The facts are taken from the parties' Rule 56.1 statements and are undisputed unless otherwise noted.

[2] Defendants argue that Full Circle failed to comply with Local Rule 56.1. Local Rule 56.1 serves "to streamline the resolution of summary judgment motions by having the parties identify undisputed material facts and cite the supporting evidence." *Laborers' Pension Fund v. Innovation Landscape, Inc.*, No. 15 CV 9580, 2019 WL 6699190, at *1 (N.D. Ill. Dec. 9, 2019). The Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414 (7th Cir. 2019) (quotation omitted). The Court agrees that Full Circle did not fully comply with Local Rule 56.1. The Court will address particular objections as they are relevant and considers the facts herein as undisputed unless otherwise noted.

financed and developed in accordance with the Low-Income Housing Tax Credit ("LIHTC") program. PSOF ¶ 1. The Project is a "qualified low-income housing project" eligible for federal income tax credits and other tax benefits under Section 42 of the Internal Revenue Code, which are earned during a fifteen-year "Compliance Period." DSOF ¶ 2. The Compliance Period for the Project ended on December 31, 2019. *Id.* ¶ 14.

### III.   The LPA and the Appraisal

The rights and obligations of the partners, including the Option, are governed by the Second Amended and Restated Agreement of Limited Partnership (the "LPA"), effective May 1, 2005. PSOF ¶ 2.[3] Section 7.4.J of the LPA provides in part that, after the Compliance Period, Full Circle can purchase the Limited Partners' interests in the Partnership "for cash, based on the amount they would receive if the property were sold at the fair market value . . . , and the proceeds of such sale were applied in accordance with this Agreement." DSOF ¶ 13. The section continues: "[t]he General Partner shall select one appraiser from LaSalle Bank National Association's or Deutsche Bank Berkshire Mortgage's approved list. This appraiser shall serve as the only appraiser…" *Id.* "If, however Deutsche Bank Berkshire Mortgage or LaSalle Bank National Association do not have an approved list, the General Partner may select an appraiser subject to the approval of the Investor Limited Partner, provided such approval shall not be unreasonably withheld." *Id.*

---

[3] Defendants concede this fact but "dispute[] that the partners' rights and obligations are governed *solely* by the LPA." [227 ¶ 2, emphasis added].

On November 4, 2020, Full Circle sent the Limited Partners a letter, via Alden Torch, stating it was exercising its option under Section 7.4.J to purchase the Limited Partners' interests in the Partnership based on an appraisal performed by Newmark Knight Frank Valuation & Advisory, LLC ("NKF"). *Id.* ¶ 15. NKF determined the fair market value of the Property was $14.1 million. *Id.* ¶ 5. Full Circle's letter stated in part that it selected NKF "because the firm is on both [banks'] approved lists, and the firm has now completed its work. . . ." *Id.* ¶ 16. Neither LaSalle Bank National Association nor Deutsche Bank Berkshire Mortgage existed in 2020. *Id.* ¶ 17.[4]

According to Full Circle, its written notice properly exercised the Option under the LPA; Defendants do not dispute written notice was sent but contend that Full Circle did not validly exercise its option [227 ¶ 6]. PSOF ¶ 6. In response, the Limited Partners refused to transfer their partnership interests to Full Circle. *Id.* ¶ 7. On December 23, 2020, Full Circle filed suit in this Court to enforce the Option at the $494,594 Option Price and recover damages. *Id.* ¶ 8.

## IV. The Claims and Pending Motions

In this suit Full Circle filed a three-count complaint for: (I) breach of contract against the ILP and SLP; (II) declaratory judgment against the ILP and SLP; and (III) tortious interference with the LPA against Alden Torch. [1]. Full Circle claims the Limited Partners, directed by Alden Torch, breached the LPA by refusing to

---

[4] Full Circle disputes this fact [181 ¶ 17], arguing that after mergers, these entities continued to exist under a different name or their obligations or liabilities were subsumed by another entity. This does not contradict the fact that LaSalle Bank and Deutsche Bank did not exist in 2020. For the reasons discussed below the Court finds that the reference to these banks in the LPA did not also include successors.

transfer their interests to Full Circle under the Option based on the purchase price determined by an appraiser, and that Alden Torch tortiously interfered with that contract. Defendant Limited Partners filed a counterclaim seeking a declaratory judgment that, among other things, the NKF Appraisal is not binding on the Limited Partners and Full Circle cannot purchase the Limited Partners' interests for the amounts set forth in the NKF Appraisal. [47].

Defendants move for summary judgment arguing that the undisputed facts establish that Full Circle did not comply with the LPA's appraisal provisions. Defendants argue that Full Circle's claims all fail as a result. In its motion, Full Circle seeks summary judgment on its breach of contract and declaratory judgment claims, on the Limited Partners' declaratory judgment counterclaim, and partial summary judgment as to Alden Torch's liability for tortious interference. Full Circle also filed a motion to exclude the report and testimony of Defendants' expert Thomas Morton, as well as a motion to compel document production and for leave to conduct limited discovery.

## ANALYSIS

### I.     Count I – Breach of Contract

Full Circle alleges that it unconditionally exercised its Option, creating a binding contract for the sale of the LP Interests at the Option Price determined under the NKF Appraisal, but the Limited Partners did not facilitate the sale of the LP Interests to Full Circle as required under the contract. On summary judgment Defendants argue that Full Circle's selection of an appraiser did not comply with Section 7.4.J of

6

the LPA. Defendants contend that this dooms Full Circle's breach of contract claim because Full Circle failed to seek AMTAX's approval for the appraiser. According to Defendants, this was a failure of a condition precedent and a material breach of the LPA. As a result, Defendants argue, their performance under the contract was excused. Full Circle counters that it complied with Section 7.4.J of the LPA by selecting NKF to do the appraisal because NKF was on both banks' approved lists.

Under Illinois law, a breach of contract claim requires: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Henderson-Smith & Assocs., Inc. v. Nahamani Fam. Serv. Ctr. Inc.*, 752 N.E.2d 33, 43 (2001) (citation omitted). Illinois law also provides that a "party cannot sue for breach of contract without alleging and proving that he has himself substantially complied with all the material terms of the agreement." *Costello v. Grundon*, 651 F.3d 614, 640 (7th Cir. 2011) (cleaned up). "And a material breach of a contract will excuse the other party's performance." *Id*.

This case involves option contracts and conditions precedent, both strictly construed under Illinois law. "An option contract is an agreement in which one binds himself to perform a certain act, at the sole power and discretion of optionee." *Prime Grp., Inc. v. N. Tr. Co.*, 576 N.E.2d 841, 845 (1st Dist. 1991). "Illinois law is particularly adamant in requiring that option contracts be strictly construed and that an option be considered exercised only if the person holding the opting power adheres exactly to the conditions precedent to its effective consummation." *Wilson Sporting*

*Goods Co., a Delaware Corp. v. Penn Partners,* 2004 WL 2445372, at *4 (N.D. Ill. Oct. 28, 2004). "Where one party gives an option to another party, the acceptance, to be valid, so as to conclude a contract between the parties, must in every respect meet and correspond with the proposed terms of the offer." *Wentcher v. Busby,* 424 N.E.2d 651, 655 (1st Dist. 1981).

A condition precedent is "an event which must occur, or an act which must be performed by one party to an existing contract before the other party is obligated to perform." *Maywood Proviso State Bank v. York State Bank & Tr. Co.,* 625 N.E.2d 83, 87 (1st Dist. 1993). "[T]he contract does not become enforceable or effective until the condition is performed or the contingency occurs." *Midwest Builder Distrib., Inc. v. Lord & Essex, Inc.,* 891 N.E.2d 1, 23 (1st Dist. 2007). *See also MXL Indus., Inc. v. Mulder,* 623 N.E.2d 369, 375 (2d Dist. 1993) (a condition precedent "is subject to the rule of strict compliance, unless such compliance is waived."). "A defendant may raise the issue of non-performance of a condition precedent prior to trial by way of a motion for summary judgment." *Stearns v. Consol. Mgmt., Inc.,* 747 F.2d 1105, 1112 (7th Cir. 1984).

There is no dispute that the LPA is a valid and enforceable option contract. The dispute centers on the appraisal provision in Section 7.4.J. That section provides in relevant part that "[t]he General Partner shall select one appraiser from LaSalle Bank National Association's or Deutsche Bank Berkshire Mortgage's approved list." LPA § 7.4.J. If the banks "do not have an approved list" then Full Circle "may select an appraiser subject to the approval of the Investor Limited Partner, provided such

8

approval shall not be unreasonably withheld." *Id.* The appraiser shall "determine the fair market value for the Project…which value shall be binding on the parties." *Id.*

### a. The plain language of the appraisal provision in Section 7.4.J

Defendants contend that Section 7.4.J "does not permit Full Circle to select an appraiser on the approved list of any entity other than LBNA or DBBM, nor does it permit Full Circle to rely on the approved lists of any purported successor entity." [170 at 9]. And Defendants maintain that neither Lasalle Bank nor Deutsche Bank— no longer in existence in 2020—had "an approved list" of appraisers when Full Circle hired NKF. *Id.*

Defendants contend that Full Circle relied on an "approved list" from a purported successor bank, but Section 7.4.J's reference to LaSalle Bank and Deutsche Bank does not include a successor entity of either bank. Defendants base this on the plain language reading of Section 7.4.J. Taking the opposite position, Full Circle insists the section's plain and unambiguous language gives Full Circle the right to select an appraiser from an approved list of a successor entity of either bank.

Initially, neither party directly deals with the threshold issue of whether this contract language is ambiguous. *See Bright Horizons Children's Centers, LLC v. Riverway Midwest II, LLC*, 931 N.E.2d 780, 791 (2010). This is a question of law for the court. *Owens v. McDermott, Will & Emery*, 736 N.E.2d 145, 153 (1st Dist. 2000). The parties' disagreement about how to interpret contract terms does not itself make a contract ambiguous. *Id.* at 154.

When construing a contract under Illinois law, the Court's primary objective is to give effect to the intention of the parties. *Thompson v. Gordon*, 948 N.E.2d 39, 47 (2011). The Court looks first to the language of the contract to determine the parties' intent. *Id*. If the words in the contract are clear and unambiguous, they must be given their plain, ordinary, and popular meaning. *Id*. If the language of the contract is susceptible to more than one meaning, however, it is ambiguous, and the Court can consider extrinsic evidence to determine the parties' intent. *Id*.

Here, the contract is not ambiguous. The LPA refers plainly and specifically to "LaSalle Bank National Association's or Deutsche Bank Berkshire Mortgage's approved list". Missing is any reference to successor banks or entities. The parties easily could have included a provision for addressing the situation if these banks ceased to exist as ongoing concerns. Instead, Section 7.4.J is limited to those two entities, not successor entities. *See PQ Corp. v. Lexington Ins. Co.*, 860 F.3d 1026, 1033 (7th Cir. 2017) ("Illinois courts maintain a strong presumption against provisions that easily could have been included in a contract but were not.") (cleaned up).

Where terms of a contract are clear, "they must be enforced as written, and no court can rewrite a contract to provide a better bargain to suit one of the parties." *Owens*, 736 N.E.2d at 154. Indeed Illinois courts "will not add terms to a contract to change the plain meaning, as expressed by the parties." *Wood v. Evergreen Condo. Ass'n*, 189 N.E.3d 1045, 1053, appeal denied, 183 N.E.3d 901 (Ill. 2021). As the Seventh Circuit has explained, "[e]specially when dealing with a substantial contract

between 'commercially sophisticated parties...who know how to say what they mean and have an incentive to draft their agreement carefully...unambiguous contractual language must be enforced as it is written.'" *ConFold Pacific, Inc. v. Polaris Ind.*, 433 F.3d 952, 955 (7th Cir. 2006).

If there were no other option for obtaining an appraiser, the Court might be inclined to find the language ambiguous. Did the parties intend to include successor banks or not? But Section 7.4.J includes the additional provision that allows Full Circle to select an appraiser "subject to the approval of the" ILP, which "shall not be unreasonably withheld." LPA §7.4.J. Section 7.4.J read as a whole therefore shows that the plain language means what it says: it is limited to an appraiser from an approved list maintained by either LaSalle Bank or Deutsche Bank. Failing that, there is an alternative—Full Circle selects an appraiser in consultation with AMTAX, which is contractually bound to be reasonable on the subject.[5]

Having determined that Defendants' interpretation of the contractual language is correct, the Court moves next to whether Full Circle complied with the provision in Section 7.4.J to create a binding contract based on the NKF appraisal.

### b. Full Circle did not adhere to the terms of Section 7.4.J

The Court finds that Full Circle did not comply with Section 7.4.J. Again, because this case involves an option contract, the law is settled that the exercise of an option

---

[5] Moreover, an earlier section of the LPA, Section 4.5 (discussing certain rights of the ILP), and specifically Section 4.5B, contains a *different* appraisal provision for determining the fair market value of the Project. That process requires the removed General Partner and the SLP to "select a mutually acceptable Independent Appraiser." LPA § 4.5B. This underscores that the parties negotiated and agreed upon particular terms for different appraisal processes. *See Wood*, 189 N.E.3d at 1053; *PQ Corp.*, 860 F.3d at 1033.

11

"is only sufficient to bind the parties if in exact accord with the option terms." *Keene Corp. v. Chapple*, 716 F.2d 475, 477 (7th Cir. 1983). Full Circle does not dispute that Section 7.4.J contains a condition precedent or that conditions precedent are strictly construed. However Full Circle contends that the condition was to the *consummation* of the Option, not the *exercise* of the Option. [219 at n. 9]. Full Circle fails to cite any language in Section VII of the LPA or any authority to support this argument. *See Packer v. Trustees of Indiana Univ. Sch. of Med.,* 800 F.3d 843, 849 (7th Cir. 2015) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."). The Court finds the appraisal provision was a condition precedent to the parties being contractually bound under the Option.

The Court also addresses Full Circle's argument that it properly used an approved appraiser from a Berkeley Point list (Defendants do not dispute that Deutsche Bank merged with Berkeley Point). Full Circle does not cite any evidence that approved appraisal lists are assets assumed by a successor entity.[6] And it advocates for a broad interpretation of what constitutes an approved appraiser list, asserting that a "Professional Services Agreement" between Bank of America and NKF "is conceptually the equivalent of NKF being on an 'approved list' of appraisers." [181 ¶ 20]. But again, the Court found that the reference to LaSalle Bank or Deutsche Bank meant just that. The Court will not write new or different terms into the parties'

---

[6] Full Circle relies on case law that is not persuasive here, such as cases in Delaware discussing water rights [138 at 9].

contract, nor will it "flout the rule [in Illinois] of strict compliance with the conditions precedent." *Epton v. CBC Corp.*, 197 N.E.2d 727, 733 (Ill. App. Ct. 1964).

It is not disputed that Full Circle did not seek the approval of the Investor Limited Partner prior to engaging NKF to conduct the appraisal. Further Full Circle does not dispute that selection of an appraiser for determining the binding price is a material term of the LPA. *See* [219]. Thus Full Circle failed to comply with a condition precedent. It did not "exercise the option in strict conformity with all the conditions prescribed" and so did not create "a binding sale contract." *Wendy & William Spatz Charitable Found. v. 2263 N. Lincoln Corp.,* 998 N.E.2d 909, 920 (1st Dist. 2013).

Therefore the Court finds that there is no genuine issue of material fact about the meaning of Section 7.4.J and about whether Full Circle complied with the appraisal provision in that section. Summary judgment in Defendants' favor is warranted. Because a binding contract was not created, this also means that the Court need not address the parties' arguments about NKF's calculation of the Option Price. [188 at 2]. Without commenting on the merits, this Court notes only that a review of the briefs and record reveals many likely disputed facts on the matter.

For these reasons, the Court denies Full Circle's summary judgment motion and grants Defendants' motion. Summary judgment in favor of Defendants on Count I is proper and the Court likewise grants summary judgment to Defendants on their

counterclaim. The Court declares that Full Circle did not comply with the LPA's appraisal provisions and the appraisal thus is not binding on the Limited Partners.[7]

## II. Count II – Declaratory Judgment

Full Circle alleges that it is entitled to a declaration under 735 ILCS § 5/2-701 that the NKF Appraisal is binding on the parties under the LPA, the Limited Partners are in breach, and they must promptly transfer the LP Interests to Full Circle pursuant to the Option for the appraised value of the LP Interests under the NKF Appraisal. The declaratory judgment count is based on an alleged breach of the LPA. (Compl. ¶¶ 129-36).

Because Full Circle's breach of contract claim does not survive summary judgment, its declaratory judgment claim also does not survive. Defendants argue that Full Circle's claim for declaratory judgment should be dismissed because it is duplicative of the claim for breach of contract. [170 at 14]. *See Cohn v. Guaranteed Rate Inc.*, 130 F. Supp. 3d 1198, 1206 (N.D. Ill. 2015) (noting that courts routinely dismiss declaratory judgment claims as duplicative of substantive claims and even if the requested relief differs); *see also N. Am. Elite Ins. Co. v. Menard Inc.*, 491 F. Supp. 3d 333, 343 (N.D. Ill. 2020), (collecting cases) aff'd, 43 F.4th 691 (7th Cir. 2022). Full Circle does not address Defendants' argument that its declaratory judgment count is

---

[7] In their motion Defendants stated that "[i]f the Court grants Defendants' motion, then the former claim (about the appraisal not being binding on the Limited Partners) will necessarily be adjudicated in Defendants' favor." [170 n.1]. And Defendants will voluntarily dismiss the latter claim (that the LPA requires the Limited Partners' interests to be valued based on what the Limited Partners would receive if the property owned by the Partnership were sold and residual sale proceeds were distributed pro rata) without prejudice, thereby resolving all claims in this action." *Id*. The Court dismisses that portion of the counterclaim without prejudice.

duplicative of the breach of contract count and should be dismissed. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *see also Packer,* 800 F.3d at 849; *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("The obligation to raise the relevant arguments rests squarely with the parties").

For these reasons, on Count II Defendants' motion is granted and Full Circle's is denied.

### III.    Count III – Tortious Interference

Full Circle argues that Alden Torch is liable for tortious interference. Under Illinois law, to prevail at trial on an interference-with-contractual-relations claim, a plaintiff must prove "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of the contract; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's conduct; and (5) damages." *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 454 (7th Cir. 2012).

Specifically, Full Circle contends that through its ownership of and control over the Limited Partners, Alden Torch intentionally and unjustifiably caused the Limited Partners to breach their contractual obligations under the LPA by, among other things, refusing to accept the binding Option Price determined by the NKF Appraisal. This claim requires a valid contract, defendant's intentional and unjustified inducement of a breach, and an actual subsequent breach of contract caused by

defendant's wrongful conduct. *See Hess*, 668 F.3d 446; *Webb v. Frawley*, 906 F.3d 569, 577 (7th Cir. 2018).

As discussed, the Court has ruled that there was no binding contract between the parties. Therefore Count III fails as well.

## IV.    Other Pending Motions

Full Circle has also filed a motion to exclude the report and testimony of Defendants' expert Thomas Morton. Mr. Morton is a retired tax partner at the law firm of Pillsbury Winthrop Shaw Pittman LLP who graduated from Cornell Law School and received his LLM in Taxation from NYU Law School in 1989. (Morton Expert Report at 1).

Full Circle argues the purpose of Mr. Morton's report "is to persuade the Court that the LPA should be interpreted as Alden Torch contends, i.e., that the Option price paid to the Limited Partners for their interests in the Partnership should be based on their positive capital account balances under Section 6.3.B of the LPA, and not as Full Circle contends, i.e., based upon the 90/10 residual economic sharing agreement negotiated by the parties and contained in Section 6.2.B of the LPA." [209 at 4]. Defendants respond that this motion is unnecessary in light of the pending summary judgment motions and also mischaracterizes Mr. Morton's report and testimony. Full Circle's *Daubert* motion is about calculation of the Option price. However, this Court has granted summary judgment in favor of Defendants based on a construction of the contract. Because of this ruling, Full Circle's *Daubert* motion is

16

not germane to this determination. Accordingly, Plaintiff's motion to exclude [204] is denied as moot.

Full Circle also filed a motion to compel document production and for leave to conduct limited discovery. The Court has discretion in granting or denying a motion to compel. It is well-settled that district courts "have broad discretion in discovery-related matters." *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., L.P.*, 46 F.4th 587, 601 (7th Cir. 2022) (noting that the appellate court may reverse a district court's ruling after a clear showing that the denial of discovery "resulted in actual and substantial prejudice."); *see also Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 865 (7th Cir. 2019) ("the district court has substantial discretion in ruling on a [Rule 56(d)] motion."); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (no abuse of discretion in denying motion to compel filed after discovery closed).

Full Circle contends that when Defendants filed their summary judgment motion in January 2023, they included the Declaration of Kurt S. Lewis, an employee of Bank of America, N.A. ("BOA"), that was dated nearly six months earlier – July 26, 2022 ("BOA Declaration"). According to Full Circle, "despite being responsive to Full Circle's discovery requests and their duty to supplement, Defendants intentionally withheld and did not produce the BOA Declaration, nor any of the drafts, communications or documents it was based upon, after they were apparently exchanged between Defendants and BOA (or their counsel)." [232 at 2]. Full Circle requests that the Court compel defendants to immediately produce the BOA

17

Documents. Defendants respond that Full Circle's motion is untimely and procedurally improper. [235].

Considering this Court's ruling herein and the circumstances as whole, the Court does not find that compelling Defendants to produce these documents to be warranted. Full Circle has not articulated a particular actual prejudice resulting from not having access to these documents on summary judgment. Because this Court ruled as a matter of law that Full Circle did not comply with the plain language of Section 7.4.J, additional Bank of America documents would not change this result. *See Smith*, 933 F.3d at 864.

The Court in its discretion therefore denies Full Circle's motion to compel [231].

## CONCLUSION

For the stated reasons, Defendants' motion for summary judgment [169] is granted and Plaintiff's partial motion for summary judgment [133] is denied. In addition, Plaintiff's motion to exclude [204] is denied as moot and Plaintiff's motion to compel [231] is denied.

Judgment shall enter in favor of Defendants and against Plaintiff. Civil case terminated.

E N T E R :

Dated: September 15, 2023

_____
MARY M. ROWLAND
United States District Judge